# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HOSKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-CV-280-SMY-RJD |
| DUSTIN BOWLES, MAJOR ADAMS, G. JAMES, SCOTT A. HILL, and MARK L. HARTMAN, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

### Background

Plaintiff Robert Hoskins filed this action pursuant to 28 U.S.C. § 1983, claiming that while he was incarcerated at Pinckneyville Correctional Center in June 2014, Defendants Adams and James beat him while he was handcuffed. He further claimed that when he complained about the beating by filing an emergency grievance, Defendants Bowles, Hill, and Hartman retaliated against him by issuing a false disciplinary ticket which resulted in punitive segregation.

A jury trial was held on July 9 and July 11, 2018, and the jury returned a verdict in favor of Defendants Adams and James Plaintiff's excessive force claim and in favor of Defendants Bowles, Hartman, and Hill on the retaliation claim. Judgment was entered on July 11, 2018.

This matter is now before the Court for consideration of Plaintiff's Motion to Set Aside the Verdict and for a New Trial (Doc. 166) to which Defendants responded (Doc. 170). For the following reasons, the Motion is **DENIED**.

**Legal Standard**

Under Rule 59(a), the Court has discretion to grant a new trial where the jury's verdict is against the manifest weight of the evidence or when a new trial is necessary to prevent a miscarriage of justice. *Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir.1999). A party will not be granted a new trial where the jury verdict has reasonable support in the record. *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir.1998). To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him. *King v. Harrington,* 447 F.3d 531, 534 (7th Cir.2006).

**Discussion**

Plaintiff argues he was denied a fair trial because Defendants used three "non-docketed" exhibits that should not have been admitted into evidence. Plaintiff does not identify the documents by exhibit number. However, it appears that he is referring to Defendants' Exhibit 9 and Plaintiff's Exhibit 4 (it is unclear what third exhibit Plaintiff is referring to). Plaintiff's argument has no merit.

Defendants did not move to admit any exhibits during the trial – all exhibits admitted and published to the jury were submitted by Plaintiff himself. Defendants' Exhibit 9 was Plaintiff's deposition transcript that was used during trial solely to impeach Plaintiff's testimony about how he submitted a grievance. Defendants' Exhibit 9 was not published to the jury nor was it admitted into evidence.

Plaintiff has presented no viable argument why he should be granted a new trial or why the judgment should be amended or altered under Rule 59(e). Accordingly, Plaintiff's Motion to Set Aside the Verdict and for a New Trial is **DENIED** (Doc. 166).

**IT IS SO ORDERED.**

**DATED: March 28, 2019**

						STACI M. YANDLE
						United States District Judge